UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EVANTHIA C. ARETAKIS, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>GENERAL SIGNAL, INC., et al.,<br><br>         Defendants. | Civil Action No. 05-10257-DPW |

**ANSWER OF DEFENDANT SPX CORPORATION**

<u>First Defense</u>

Defendant answers the numbered paragraphs of the complaint as follows.

1.  No answer required.

2-4.  Denied.

5.  Admitted as to Inrange Technologies Corporation (Inrange), which is the new name of General Signal Networks, Inc. (GSN).

6-7.  Admitted.

8-9.  Denied.

10.  Without knowledge or information sufficient to form a belief as to the truth.

11.  Admitted that, at all relevant times, Coackley was president of GSN and of Inrange after GSN changed its name to Inrange; otherwise denied.

12-15.  Denied.

16.  Admitted that Christian and Timbers contacted plaintiff Aretakis on behalf of GSN as part of a search to find a general manager for a GSN unit in Westford, Massachusetts

and that plaintiff Aretakis was then employed by Siemens; without knowledge or information sufficient to form a belief as to the truth of the other averments.

17. Denied.

18. Admitted that plaintiff Aretakis received an offer letter from GSN indicating a start date of July 7, 1997, and that plaintiff Aretakis accepted the offer, but denied that she accepted on July 7; without knowledge or information sufficient to form a belief as to the truth of the other averments.

19-23. Without knowledge or information sufficient to form a belief as to the truth.

24. Admitted that on February 11, 1998, Coackley sent an e-mail message to plaintiff Aretakis on the subject alleged; denied that paragraph 24 completely and accurately sets forth that message.

25. Admitted that offsite meetings were held February 18 and 19, 1998; without knowledge or information sufficient to form a belief as to the truth of the other averments.

26-27. Without knowledge or information sufficient to form a belief as to the truth.

28. First sentence: without knowledge or information sufficient to form a belief as to the truth; second sentence: denied.

29. Admitted that on May 9, 1998, Coackley sent an e-mail message to plaintiff Aretakis on the subject alleged; denied that paragraph 29 completely and accurately sets forth that message.

30-31. Without knowledge or information sufficient to form a belief as to the truth.

32. Admitted that on July 7, 1998, plaintiff Aretakis sent an e-mail message to Coackley on the subject alleged; denied that paragraph 32 completely and accurately sets forth that message.

-3-

33-35.   Without knowledge or information sufficient to form a belief as to the truth.

36-37.   Denied.

38.      First sentence: denied; second sentence: admitted.

39.      Denied.

40.      Without knowledge or information sufficient to form a belief as to the truth.

41.      Admitted.

42.      Defendant incorporates by reference its answers to the foregoing paragraphs.

43.      No answer required.

44-55.   Denied.

56.      Defendant incorporates by reference its answers to the foregoing paragraphs.

57.      No answer required.

58-65.   Denied.

66.      Defendant incorporates by reference its answers to the foregoing paragraphs.

67.      No answer required.

68-77.   Denied.

78.      Without knowledge or information sufficient to form a belief as to the truth.

79-83.   Denied.

84.      Admitted.

85.      Denied.

86.      Defendant incorporates by reference its answers to the foregoing paragraphs.

87.      No answer required.

88-104.  Denied.

<u>Second Defense</u>

The complaint fails to state a claim upon which relief can be granted as to plaintiff Svirk, who is not alleged to have been a party to any contract with defendants and who has no standing to assert any claim against defendants.

<u>Third Defense</u>

The Third Claim fails to state a claim upon which relief can be granted because G.L. c. 93A is not applicable to the dispute alleged between employer and employee.

        SPX CORPORATION

        By its attorneys,

        /s/ Jeffrey B. Storer
        Jeffrey B. Storer (BBO# 482620)
        Ropes & Gray LLP
        One International Place
        Boston, MA  02110-2624
        (617) 951-7000
        jstorer@ropesgray.com

March 15, 2005